UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM ALISEA BONALES, *et al.*, | Case No. 1:25-cv-00501-KES-CDB |
| Plaintiffs, | |
| v. | ORDER DENYING PARTIES' STIPULATED REQUEST TO EXTEND CASE MANAGEMENT DATES |
| PORSCHE CARS NORTH AMERICA, INC., | |
| Defendant. | (Doc. 10) |

Pending before the Court is the parties' joint stipulated request to extend the non-expert discovery deadline from February 2, 2026, to May 4, 2026, and the expert discovery deadline from April 15, 2026, to June 30, 2026. *Id.* at 2.

In support of the request, the parties represent without elaboration that they have diligently proceeded with discovery but "Defendant's Rule 30(b)(6) witness is not available until March 2026, and key fact discovery remains outstanding, including Plaintiffs' deposition and the vehicle inspection." The parties do not seek continuances of any other case management deadlines.

**<u>Discussion</u>**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders...

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id.* If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Here, the parties do not support their stipulated request with any affidavit or declaration, as required by the scheduling order. (Doc. 7 at 8, noting "Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested") (emphasis omitted).

Additionally, the stipulated request does not set forth facts establishing the diligence of the parties; for example, the specific details and timeline of any discovery currently completed or pending, why any extension is necessary to accommodate nonexpert discovery not yet complete, why a shorter extension to accommodate the deponent's availability is insufficient

Thus, the Court will deny the parties' stipulated request without prejudice. Any renewed stipulated request must comply with this Court's governing case management order and must set forth details (not just conclusory assertions) demonstrating that the parties have proceeded with discovery diligently.

**Conclusion and Order**

Accordingly, the parties' request to extend case management dates (Doc. 10) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **January 22, 2026**            _____
UNITED STATES MAGISTRATE JUDGE

3